UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4121** |
| **MARLIN GUSMAN, SHERIFF AND SPECIAL INVESTIGATION DEPARTMENT {SID}, TIER DEPUTIES {MANY OF THEM} UNKWN. NAMES** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

Before the Court are a **Motion to Dismiss Defendant State of Louisiana (Rec. Doc. No. 15)** filed by the State of Louisiana and a **Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Rec. Doc. No. 23)** filed by Orleans Parish Criminal Sheriff Marlin Gusman. The motions, along with the entire case, were referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Donald Smith ("Smith"), is incarcerated in the Allen Correctional Center ("Allen") in Kinder, Louisiana. Smith filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the Security

Investigation Department, and unknown tier deputies, seeking monetary damages for the alleged untimely evacuation and unsafe conditions of confinement as a result of Sheriff Gusman's negligence during Hurricane Katrina.[1]  Smith amended his complaint to include as defendants the State of Louisiana, the Orleans Parish Police Jury, the AZSY Insurance Company, and John and/or Joan Doe.[2]

### A.     The Original Complaint

Smith alleges that he was housed in the Templeman Jail, Phase III, within the Orleans Parish Prison system ("OPP") on August 29, 2005, when the events that form the basis of this lawsuit occurred.  He also alleges that Sheriff Gusman and his deputies had a duty to evacuate the inmates in light of the approach of Hurricane Katrina and they failed to do so.  Instead, he claims, he was abandoned and left to fend for himself in the locked jail with contaminated water rising up to six feet.  He claims that he called to the deputies but no one came to help.  He further complains that there was no food or water.

Smith further alleges that unknown SID officers moved him to another dry area of the jail on the afternoon of August 30, 2005.  He complains that he was again left there without ventilation and with no food, water, clean clothes or medical attention.

In the original complaint, Smith alleged that he remained on the fourth floor of the jail for three days without food, water, security, or medical attention.  He claims that the inmates tried to escape but were sent back to the fourth floor by armed guards.  Later, other guards returned and attempted to escort the inmates out of the building.  He then was escorted through the water to a

---

[1]Rec. Doc. No. 1-2.

[2]Rec. Doc. No. 5.

boat. He was then taken by boat to the Broad Street bridge. While there, the SID officers sprayed some inmates with mace and shot others with bean bags. Smith claims that he was affected by the after-spray of the mace.

He further claims that he was eventually transported to Allen where he was given clothes, soap, a bag lunch, and assigned to a cell with a mattress and clean sheets. Smith seeks an unspecified amount of monetary damages.

### B.    The Revised Complaint (Rec. Doc. No. 5)

Smith filed a second complaint in which he alleges that Gusman and his deputies breached their duty to assist the inmates who wanted to be evacuated in anticipation of Hurricane Katrina. Contrary to the allegations made in the original complaint, Smith also alleged that he was removed from the prison the day after Hurricane Katrina hit the area, as opposed to the three days alleged previously. He alleges therein that, on August 30, 2005, he was taken out of the jail into the standing water and loaded into a boat. The boat took him to the Broad Street bridge where he spent the night. The next day, he was transported by bus to the Elayn Hunt Correctional Center ("Hunt").

While there, he claims that he was "herded as an animal" into a field. Smith alleges that he was given a blanket and had to sleep in a field, on the ground, in the cool air and rain, with mosquitoes biting him throughout the night. He also claims that he was "thrown a sack lunch across the fence" consisting of two sandwiches.

Smith next alleges that, on September 1, 2005, he was transported to Allen, which has become his permanent place of confinement. He received clean clothes, a bath, and his first hot meal. Smith claims that he now suffers with a nervous condition and high blood pressure.

Smith states that he has suffered with nightmares and sleepless nights as a result of these events. He claims that he also has developed a fear of bad weather. He also seeks $1 million per defendant in monetary damages for the loss of personal items and family pictures.

### C. Pending Motions

The State of Louisiana has filed a Motion to Dismiss for lack of jurisdiction under the Eleventh Amendment doctrine of sovereign immunity. Sheriff Gusman has also filed a motion for judgment on the pleadings seeking dismissal of Smith's claims for failure to establish that Sheriff Gusman was aware that the approaching hurricane posed a substantial risk of serious harm or that he personally and intentionally disregarded the risk by failing to evacuate the inmates. The Sheriff argues that he can not be held vicariously liable under § 1983 for the actions and inactions of the unidentified deputies.

Prior to the consideration of these motions, the Court must conduct its statutory review for frivolousness.

## II. Standards of Review

### A. Review for Frivolousness

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

4

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**B.     Review of a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Under Rule 12(b)(1), the court may dismiss a complaint if it lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1). In considering such a motion, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account.

*Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Finally, while conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b)(1) or (6) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

    **C.**    **Review of a Motion for Judgement on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1368 at 591).

Thus, a motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the

substance of the pleadings and any judicially noticed facts.  *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)).  The query for the Court is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir.2000)).

      The Court can dismiss a claim under Fed. R. Civ. P. 12(c) when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)).  In considering the motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain.  *Hughes*, 278 F.3d at 420 (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998)).  "In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)).

      The Court will not, however, accept as true conclusory allegations or unwarranted deductions of fact.  *Great Plains Trust Co.*, 313 F.3d at 312-13 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Jones*, 188 F.3d at 324 (citations omitted).

**III.    Review for Frivolousness**

    **A.    Claims Against the State of Louisiana**

Smith has named the State of Louisiana as a defendant in this action. However, the State of Louisiana is immune from suit of this type in federal court.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Therefore, the claims against the State of Louisiana should be dismissed for lack of jurisdiction and as frivolous. In light of this conclusion, the Motion to Dismiss filed by the State of Louisiana should be dismissed as moot.

    **B.    Section 1983 Claims Against Sheriff Gusman**

Smith complains that Sheriff Gusman did not evacuate the inmates at OPP which caused him to suffer fear and anxiety and to endure the untimely and negligently performed evacuation. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'"

*Estelle*, 429 U.S. at 102-03 (citations omitted).  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Smith does not allege that Gusman was personally involved in the acts about which he complains or in the evacuation process itself.  He has not alleged that Sheriff Gusman was personally involved in his movement within the prison or transporting him through the flood waters to the Broad Street bridge.

Furthermore, to the extent Smith asserts that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous.  Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986).  Allegations

amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In this case, Smith has made no such showing of an intentional indifference by Sheriff Gusman to a known risk to his safety. The flooding as a result of the levee breaches after Hurricane Katrina passed through the metropolitan area was unprecedented.

Smith has also failed to allege that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the

Constitution, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

In sum, Smith has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history. Smith recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances. Without allegations or some evidence of a deliberate indifference, Smith's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e. Having reached this conclusion under the statutory review for frivolousness, the Sheriff's Motion for Judgment on the Pleadings is rendered moot.

### C.     Section 1983 Claims against the Special Investigation Department

Smith has named the Special Investigation Department ("SID") within the Orleans Parish Criminal Sheriff's Office as a defendant. Smith has not alleged any action or inaction by any specific or identifiable member of this unit.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the SID unit, as a part of the Orleans Parish Criminal Sheriff's Office, can be sued.[3] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).

The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the SID unit within the Orleans Parish Criminal Sheriff's Office is not a juridical person capable of being sued under § 1983. The claims against this entity are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### D. Section 1983 Claims against the Orleans Parish Police Jury

Smith has also filed suit against the "Orleans Parish Police Jury." The Court must recognize that there exists no such entity within the local government. Furthermore, Smith does not set forth any factual basis for his claim against the "Police Jury." Without a specific allegation of a constitutional violation by a named defendant, the plaintiff's claims are frivolous and otherwise fail to state a claim for which relief can be granted. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

---

[3] Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* FED. R. CIV. P. 17(b).

### E.     **Claims against the Unidentified Insurance Company and Other Parties**

Additionally, Smith has listed an unidentified insurance company as "the AZSY Insurance Company" and other unidentified individuals, John and/or Joan Doe and unknown tier deputies, as defendants in this action. He does not set forth any facts related to these unidentified parties. Smith also has not alleged the basis for their liability to him or their connection to the circumstances surrounding the evacuation of the prison. Therefore, his claims against these unidentified parties should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

### F.     **State Law Claims**

In his second complaint, Smith suggests that Gusman and his deputies had a duty to assist inmates who wanted to evacuate and breached that duty. Under a broad reading, Smith raises this claim under a state law theory of negligence. *See* La. Civ. Code art. 2315 *et seq.*

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The Court is recommending dismissal of Smith's federal claims in their entirety as frivolous and otherwise for failure to state a claim for which relief can be granted. Therefore, his state law

claims should be dismissed without prejudice to his ability to assert them in the appropriate state forum as the Court declines to exercise its supplemental jurisdiction.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Smith's § 1983 claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Smith's § 1983 claims against Sheriff Gusman, the Security Investigation Department, the Orleans Parish Police Jury, the AZSY Insurance Company, John and/or Joan Doe, and unknown tier deputies be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Smith's state law claims against Sheriff Gusman and the unknown tier deputies be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise its supplemental jurisdiction.

It is further **RECOMMENDED** that the **Motion to Dismiss Defendant State of Louisiana (Rec. Doc. No. 15)** filed by the State of Louisiana, and the **Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Rec. Doc. No. 23)** filed by Sheriff Gusman be **DISMISSED as moot**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_29th\_\_\_ day of _____July_____, 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**